IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY MARTIN, | ) |
| | ) Case No. 15 CV 10131 |
| Plaintiff, | ) |
| | ) Judge Joan B. Gottschall |
| v. | ) |
| | ) |
| CITY OF CHICAGO, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

On November 5, 2015, the court received a civil rights complaint from Larry Martin ("Martin"). Martin represented himself, and he was incarcerated at the time. *See* ECF No. 1 (Nov. 5, 2015); *see also* Compl., ECF No. 10 (Dec. 21, 2015) (entered after the court granted Martin permission to proceed without prepaying the filing fee). Martin was apparently released soon after his complaint was filed. The docket shows that mail addressed to Hill Correctional Center in Galesburg, Illinois, was returned as undeliverable that same month, and the court began sending mail to Martin's forwarding address, 6007 S. LaSalle St., Chicago, Illinois 60621 ("LaSalle address"). *See* ECF No. 6 (Nov. 16, 2015). Martin appeared at several hearings but failed to appear at hearings set in September, November, and December 2016. On December 14, 2016, the court dismissed this action for failure to prosecute when Martin did not appear for a scheduled status hearing or file a written report as previously ordered. ECF No. 36. With the assistance of recruited counsel, Martin moves to vacate the dismissal for failure to prosecute and to reopen this case.

This court began receiving correspondence from Martin in August 2018, nearly 18 months after the dismissal. Martin first filed a written motion for attorney representation and a letter dated August 7, 2018. ECF Nos. 38, 40. He stated in his letter that he had been reincarcerated and that the harassment about which he originally complained was continuing; he asked the clerk "to send . . . a motion that would stop this [r]etaliation!" ECF No. 40 at 1. The next month, in September 2018, the clerk received a form amended complaint from Martin specifically requesting to reopen the case. ECF No. 42 at 5.

In an order dated November 29, 2018, the court decided to treat Martin's amended complaint as a motion to reopen this case. ECF No. 44 at 2–3. In addition to his specific request to reopen, the court noted that Martin's September 2018 amended complaint stated that "he moved out of town to escape ongoing retaliation, that his landlord did not forward his mail, and that he did not have his case number with him." *Id.* at 3. The court also recruited counsel to represent Martin given his "representations about his level of education and comprehension of these proceedings and the need to develop an adequate record before deciding the motion to reopen . . . ." *Id.*

Martin's recruited attorney filed the motion to reopen that is now before the court. ECF No. 46. The City of Chicago filed a response one day before the motion was presented to the court. ECF No. 51 (Jan. 17, 2019). At the hearing to present the motion held January 18, 2019, Martin was given until February 15, 2019, to file a reply. ECF No. 52. Martin's lawyer missed that deadline. At a status hearing held February 20, 2019, Martin's attorney sought more time to attempt to obtain an affidavit to file in reply. The City objected, but the court extended the reply deadline to March 6, 2019. ECF No. 55 (Feb. 20, 2019). The minute entry granting the extension stated that "[i]f no affidavit is filed, the court will make its ruling." *Id.* Martin's

2

counsel filed the affidavit of Brenda Nelson on February 22, 2019, ECF No. 56. No other evidence, such as an affidavit or declaration of Martin, has been filed.

Martin makes three arguments. He first asserts that the city will not be prejudiced if this case is reopened because the case stood at a relatively early procedural stage when it was dismissed. Mot. to Reopen 5, ECF No. 46. The heart of his argument comes next. Martin tells the court that the interests of justice would be served by granting his motion because he did not have an attorney when this case was dismissed and several changes in hearing dates initiated by the court "may have" contributed to the dismissal.[1] *Id.* at 5–7. Finally, Martin argues, without citing evidence, that he has meritorious claims.[2] *Id.* at 7.

Martin relies on a single case, *Palmer v. City of Decatur*, 814 F.2d 426 (7th Cir. 1987). The plaintiff in *Palmer* acted much more quickly than Martin; he appeared and filed a motion to reconsider the dismissal order 15 days after it was entered. *Id.* at 428. As a result, the plaintiff in *Palmer* did not face the procedural hurdles Martin does. Unlike the motion in *Palmer*, Martin filed his motion more than a year after the judgment, that is, after the time limit set by Federal Rule of Civil Procedure 60(c)(1).

Martin's motion arises under Federal Rule of Civil Procedure 60(b), which permits the court to grant relief from a final judgment on six separate grounds. Martin quotes all six reasons listed in Rule 60(b) but does not say which reasons apply. *See* Mot. to Reopen 2–3.

---

[1] In the absence of supporting evidence, the record refutes this contention. By October 2016, Martin had failed to appear at three hearings, the court had warned him each time that failing to appear at the next hearing would result in dismissal for failing to prosecute. ECF Nos. 15, 25, 30 (warnings issued Mar. 16, May 27, and Sept. 7, 2016). Martin must have been aware of the hearing set for October 14, 2016, because he called court staff to say that he had been in a car accident. ECF No. 34. Although Martin has told the court that he has limited education and experience with legal matters, he apparently appreciated the importance of appearing for scheduled hearings.

[2] According to the motion, Martin saw the Chicago police shoot an unarmed man on July 4, 2013. *Id.* He gave an interview to the press regarding the alleged shooting, participated in an investigation conducted by the Chicago Police Department's internal affairs division, and sat for a deposition in a related civil case pending in state court. *Id.* The Chicago police have allegedly been harassing Martin in retaliation by issuing him at least 17 citations, resulting in excess of $25,000 in fines and penalties. *Id.*

3

Nonetheless, the substance of Martin's arguments fall within Rule 60(b)(1), which covers "mistake, inadvertence, surprise, or excusable neglect." *See Mendez v. Republic Bank*, 725 F.3d 651, 658 (7th Cir. 2013); *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993)). Vacating a judgment under Rule 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington*, 433 F.3d at 546 (quoting *Karraker v. Rent-A-Ctr., Inc.*, 411 F.3d 831, 837 (7th Cir. 2005)).

As the City argues, Martin's Rule 60(b)(1) motion is untimely. Resp. 1, ECF No. 51. A Rule 60(b)(1) motion must be brought "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1) (one-year standard for Rule 60(b)(1)–(3) motions). No separate piece of paper dismissing this case was entered after the December 14, 2016, minute entry dismissing for failure to prosecute. Under Federal Rule of Civil Procedure 58(c)(2)(B), judgment was deemed entered 150 days later. By the court's count 150 days from December 14, 2016, is May 13, 2017, and counting a year ahead (plus one day because the last day of the period was a Sunday), Martin's deadline to file a Rule 60(b)(1) motion fell on Monday, May 14, 2018. Even if the court construes Martin's papers dated August 7, 2018, as a Rule 60(b)(1) motion,[3] Martin filed them three months after the one-year deadline expired. *See* ECF Nos. 38, 40.

The arguments in Martin's motion concern pre-dismissal conduct, but Nelson's affidavit can be read as implying that notices sent by the court to Martin in November and December 2016 did not reach him. Neither Martin's motion nor Nelson's affidavit denies that Martin received the April 6, 2016, minute order stating that "[t]he plaintiff is advised that he must advise the clerk if his mailing address changes." ECF No. 15. The court knows that at least one order

---

[3] The court did not do so; it told Martin that he needed to file a proper motion to reopen, ECF No. 41 at 1.

did not reach Martin. The December 14, 2016, minute order dismissing this action was mailed to the LaSalle address, but was returned as undeliverable. ECF Nos. 36, 37. Nelson avers that she has lived at the LaSalle address since 1973, that the address has been Martin's "primary place of residence since 2008," that he resided there from the date he was released in 2016 through the date he was reincarcerated in 2017, that Nelson is "not aware of any problems or issues" preventing mail from reaching the LaSalle address, and that she did not receive notices from the court in November and December 2016. ECF No. 56 ¶¶ 8, 11. Nelson's averments do not preclude the possibility that Martin retrieved his mail before Nelson saw it, for she avers that she "usually" retrieves mail from the mailbox at the LaSalle address, not that she always does so. *Id.* ¶ 7.

But regardless of whether Martin received notice of the dismissal order, the court does not have the power to extend the one-year deadline Martin missed. The Federal Rules of Civil Procedure specifically forbid the court to extend the deadline for filing Rule 60(b) motions. Fed. R. Civ. P. 6(b)(2). The Seventh Circuit has held that the deadline is jurisdictional: "[I]t is clear that after a year a district court loses jurisdiction to grant a Rule 60(b)(1) motion . . . ." *Berwick Grain Co., Inc. v. Ill. Dep't of Agric.*, 189 F.3d 556, 559 (7th Cir. 1999) (citing *Brandon v. Chicago Bd. of Educ.*, 143 F.3d 293, 296 (7th Cir. 1998)) (other citation omitted); *accord Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006). The one-year deadline strictly applies even where the plaintiff alleges that he received no actual notice of a judgment due to "error by the [c]lerk's office and neglect by the [plaintiff's] attorney." *Brandon*, 143 F.3d at 296. The trial court in *Brandon* dismissed the suit for the plaintiff's failure to prosecute. *Id.* at 294. He claimed that he received no notice of the dismissal because the clerk's office inadvertently entered the name and address of the wrong attorney on the docket when the case was first

5

docketed, and his attorneys did not follow up properly.  *Id.*  The Seventh Circuit held that the plaintiff's motion to vacate the judgment fell within Rule 60(b)(1) and that the district court did not have jurisdiction to decide it because it was filed one year and three days after the entry of judgment.  *Id.* at 295–96.  As in *Brandon*, this court cannot extend Martin's deadline to file a Rule 60(b)(1) motion due to alleged errors by the clerk's office in mailing him notice of the minute order entered December 14, 2016.[4]  *Brandon* is binding authority; this court is required to follow it.  Martin missed the one-year deadline to file a Rule 12(b)(1) motion, and the court cannot extend it.  Martin's motion to reopen is therefore denied.[5]

Date:  April 19, 2019                                   /s/
                                                Joan B. Gottschall
                                                United States District Judge

---

[4] The result would be the same if Martin's submission of Nelson's affidavit were treated as a request to vacate the judgment based on "newly discovered evidence" under Rule 60(b)(2).  The one-year deadline applies to such motions.  Fed. R. Civ. P. 60(c)(1).  On the merits, Nelson signed her affidavit in February 2019.  ECF No. 56 at 2.  Newly discovered evidence must have existed at the time of or prior to the entry of judgment.  *Peacock v. Bd. of Sch. Comm'rs of City of Indianapolis*, 721 F.2d 210, 213–14 (7th Cir. 1983) (citing *Ryan v. U.S. Lines Co.*, 303 F.2d 430, 434 (2d Cir. 1962)).

[5] Of course, if the harassment alleged my Martin continues, he can always file a new complaint based on current events.